IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOWEN ENGINEERING CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-cv-1224-JTM-TJJ |
| ) | |
| PACIFIC INDEMNITY CO., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Scott Process Systems, Inc.'s and Pacific Indemnity Company's unopposed Motion for Leave to File Crossclaims Against Defendant Walters Metal Fabrication, Inc. (ECF No. 53), as well as Plaintiff Bowen Engineering Corporation's unopposed Motion for Leave to File First Amended Complaint (ECF No. 59). In their motion, Defendants Scott Process Systems, Inc. ("Scott Process") and Pacific Indemnity Company ("Pacific Indemnity"), seek leave, pursuant to Fed. R. Civ. P. Rule 15(a), to file crossclaims against co-defendant Walters Metal Fabrication, Inc. ("Walters Metal"). After Defendants filed their motion, Plaintiff filed its Motion for Leave to File First Amended Complaint.

Federal Rule of Civil Procedure 13(g) provides that "[a] *pleading* may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action."[1] Rule 7(a) provides that

---

[1] Fed. R. Civ. P. 13(g) (emphasis added).

only the following pleadings are allowed in federal court:

> (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.[2]

A crossclaim is not listed as an allowed pleading under Rule 7(a); therefore, a standalone crossclaim is not itself a pleading. This is consistent with Rule 12(a)(1)(B), which provides that an answer to a crossclaim must be served within 21 days after being served with "the *pleading* that states the . . . crossclaim."[3] In general, a crossclaim must be asserted in an answer,[4] and it is therefore subject to the same deadline for serving an answer to the complaint under Rule 12(a)(1)(A).

In this case, Defendants Scott Process and Pacific Indemnity did not assert their crossclaims in their answers filed on July 28, 2014. They must therefore seek leave to file their crossclaims out of time. Also complicating the matter is Plaintiff's subsequent dismissal of its claims against Walters Metal on November 18, 2014 (ECF No. 57). The effect of that dismissal

---

[2] Fed. R. Civ. P. 7(a).

[3] Fed. R. Civ. P. 7(a) (emphasis added).

[4] *State Farm Mut. Auto. Ins. Co. v. Mathis*, No. 09-CV-0308-CV3-TLW, 2009 WL 5065685, at *1 (N.D. Okla. Dec. 16, 2009) (citing *Langer v. Monarch Life Ins. Co.,* 966 F.2d 786, 810 (3d Cir. 1992) ("Federal Rules of Civil Procedure 12(b) and 13(g) require that crossclaims be stated in a pleading, and under Rule 7(a) cross-claims should be contained in a defendant's answer"); *In re Cessna Distributorship Antitrust Litig.*, 532 F.2d 64, 67 n.7 (8th Cir. 1976) (stating that a crossclaim must be stated in a pleading but is not itself a pleading)). *See also W & W Steel, LLC v. BSC Steel, Inc.*, No. 11-2613-RDR, 2012 WL 1828928, at *3 (D. Kan. May 18, 2012) (finding proposed amended counterclaim deficient because it attempted to assert counterclaims outside of an answer); *Allied Med. Care Assocs. v. State Farm Mut. Auto. Ins. Co.*, No. 08–2434, 2009 WL 839063, at *2 (E.D. Pa. Mar. 26, 2009) (finding that a counterclaim must be filed as part of a recognized pleading under Rules 7(a) and 13); *Fed. Dep. Ins. Corp. v. Soden*, 603 F. Supp. 629, 635 (D. Kan. 1984) ("a cross-claim must be properly contained in an answer").

is that Walters Metal is no longer a party in the case and no longer a co-defendant.  Also since Defendants filed their motion, Plaintiff has filed an unopposed motion requesting leave to file its First Amended Complaint, which removes its claims against Walters Metal and adds new counts against Defendant Scott Process.  Based upon its review of this unopposed motion, the Court will grant Plaintiff's Motion for Leave to File First Amended Complaint.

Because Walters Metal was dismissed from the case on November 18, 2014, the Court finds that the Motion for Leave to File Crossclaims against it filed by Defendants Scott Process and Pacific Indemnity should be denied as the Court no longer has jurisdiction over Walters Metal.  Courts have consistently held that "[a] cross-claim cannot be asserted against a party who was dismissed from the action previous to the assertion of the cross-claim."[5] "If a federal court dismisses a plaintiff's claim for lack of subject matter jurisdiction, any cross-claims dependent upon ancillary jurisdiction must necessarily fall as well, because it is the plaintiff's claim to which the cross-claim is ancillary that provides the derivative source of jurisdiction for the cross-claim."[6] Because Walters Metal has been dismissed by Plaintiff from the case and is no longer a party, Defendants Scott Process and Pacific Indemnity are no longer able to assert crossclaims against it.  The Court will therefore deny Defendants Scott Process and Pacific Indemnity's

---

[5] *Wake v. United States*, 89 F.3d 53, 63 (2d Cir.1996) (quoting *Glaziers & Glassworkers Union v. Newbridge Sec.*, 823 F. Supp. 1188, 1190 (E.D. Pa. 1993)). *See also Southcrest, L.L.C. v. Bovis Lend Lease, Inc.*, No. 10-CV-0362-CVE-FHM, 2011 WL 1793388, at *4 (N.D. Okla. May 11, 2011) (finding motion for leave to file crossclaim moot as to co-defendant who had been dismissed by the court but allowing the filing of a third-party complaint); 6 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1431 (3d ed. 2010) ("No crossclaim may be brought against a person who has been eliminated or who has withdrawn from the action, since that person no longer is a party.").

[6] *Ace Am. Ins. Co. v. Fujifilm Smart Surfaces, LLC*, No. 11-3435, 2012 WL 85641, at *2 (E.D. Pa. Jan. 10, 2012) (quoting *Fairview Park Excavating Co. v. Al Monzo Constr. Co.*, 560 F.2d 1122, 1125 (3d Cir. 1977)).

Motion for Leave to File Crossclaims Against Defendant Walters Metal Fabrication, Inc. (ECF No. 53).

However, given that Plaintiff has been granted leave to file its First Amended Complaint, Defendants will have fourteen days after its filing in which to file their answer or otherwise respond to Plaintiff's First Amended Complaint.[7]  Although Defendants Scott Process and Pacific Indemnity may no longer assert crossclaims against Walters Metal, they may assert their claims against Walters Metal in a third-party complaint without seeking leave, provided they file it within fourteen days after serving their answer to the First Amended Complaint.[8]

**IT IS THEREFORE ORDERED THAT** Defendants Scott Process Systems, Inc.'s and Pacific Indemnity Company's Motion for Leave to File Crossclaims Against Defendant Walters Metal Fabrication, Inc. (ECF No. 53) is DENIED.

**IT IS FURTHER ORDERED THAT** Plaintiff Bowen Engineering Corporation's unopposed Motion for Leave to File First Amended Complaint (ECF No. 59) is GRANTED. Within seven (7) days of the date of this Order, Plaintiff shall electronically file its First Amended Complaint.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 15 (a)(3), Defendants Scott Process and Pacific Indemnity shall have 14 days after Plaintiff files its First Amended Complaint in which to file an answer or otherwise respond.

**IT IS FURTHER ORDERED** that the Clerk of the Court is hereby instructed to strike the proposed Crossclaims Against Defendant Walters Metal Fabrication, Inc. (ECF No. 52) filed

---

[7] Fed. R. Civ. P. 15(a)(3).

[8] *See* Fed. R. Civ. P. 14(a).

without leave by Defendants Scott Process and Pacific Indemnity.

**IT IS SO ORDERED**.

Dated this 8th day of December 2014, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U. S. Magistrate Judge
